## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE POINT INVESTMENTS, LTD. (IN LIQUIDATION), | : | Chapter 15 |
| | : | |
| | : | Bankr. No. 22-10261 (TMH) |
| Debtor in a Foreign Proceeding. | : | |

---

| | | |
|---|---|---|
| FTI GP I, LLC on behalf of FALCATA TECH INVESTMENT FUND I, L.P., | : | |
| | : | |
| Appellants, | : | |
| v. | : | |
| | : | |
| POINT INVESTMENTS, LTD. (IN LIQUIDATION), | : | Civ. No. 23-630-CFC (Consolidated) |
| | : | |
| Appellee. | : | |

---

Eric D. Schwartz, Daniel B. Butz, Evanthea Hammer, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Paul Werner, A. Jospeh Jay, III, SHEPPARD MULLIN RICHTER & HAMPTON, LLP, Washington, DC; Edward H. Tillinghast, III, SHEPPARD MULLIN RICHTER & HAMPTON, LLP, New York, New York

*Counsel for Appellant*

Jaco R. Kirkham, Stephen J. Astringer, KOBRE & KIM LLP, Wilmington, Delaware; Adam M. Lavine, John G. Conte, KOBRE & KIM LLP, New York, New York; Adriana Riviere-Badell, Evelyn Baltodano Sheehan, KOBRE & KIM LLP, Miami, Florida

*Counsel for Appellee-Foreign Representatives*

## **OPINION**

September 23, 2024
Wilmington, Delaware

COLM F. CONNOLLY
CHIEF JUDGE

This appeal arises in the Chapter 15 ancillary proceeding of Point Investments, Ltd. ("Debtor"), a debtor in a foreign main proceeding ("Bermuda Proceeding") under the supervision of the Supreme Court of Bermuda ("Bermuda Court"). Following the issuance of a recognition order by the U.S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), recognizing the Bermuda Proceeding as a foreign main proceeding, appellant FTI GP I, LLC, on behalf of Falcata Tech Investment Fund I, L.P., filed a complaint (AP0416-AP0429)[1] ("Complaint") initiating an adversary proceeding against the Debtor, and subsequently filed a motion (AP0527-AP0538) seeking a determination that the adversary proceeding did not violate the automatic stay or, alternatively, that appellant should be afforded relief from the automatic stay to pursue the adversary proceeding. The Foreign Representatives,[2] appointed as liquidators by the Bermuda Court, moved to enforce the automatic stay. AP0540-AP0558.

Following a hearing on May 25, 2023 (AP1964-AP5052) ("5/25/23 Tr."), the Bankruptcy Court ruled that: (i) the automatic stay applied and, therefore, the filing

---

[1] Citations to AP0001-AP2163 refer to the appendix (D.I. 12) filed in support of Falcata's opening brief, and citations to FR0001-FR0127 refer to the appendix (D.I. 19) filed in support of the Foreign Representatives' answering brief.

[2] The Foreign Representatives are Andrew Childe and Richard Lewis of FFP Limited, and Mathew Clingerman of Kroll Bermuda Ltd.

of the Complaint was void; (ii) the "home court" rule sometimes applied in Chapter 7 and Chapter 11 cases does not apply in Chapter 15 cases "because the foreign main proceeding provides the home court;" (iii) cause did not exist to modify the automatic stay to permit the adversary proceeding; and (iv) the Debtor's foreign main proceeding in Bermuda was the proper forum for the dispute. *See id.* at 82-88. Two Orders issued by the Bankruptcy Court are the subject of this consolidated appeal: (1) Amended Order Granting in Part, and Denying in Part, the Motion of Foreign Representatives for Entry of an Order Enforcing the Automatic Stay (AP2074-2075; B.D.I. 93); and (2) Amended Order Denying Motion of FTI GP I, LLC on Behalf of Falcata Tech Investment Fund I, L.P. for Determination That There Is No Automatic Stay (AP2076-2078; B.D.I. 94). For the reasons set forth herein, the Court affirms the Orders.

## I.    BACKGROUND

### A.    The Debtor

The Debtor is a private investment fund incorporated in Bermuda. AP0026. On September 16, 2020, a petition was filed with the Bermuda Court seeking a winding up of the Debtor. AP0028. The Foreign Representatives were appointed as joint provisional liquidators by the Bermuda Court on October 29, 2021 (AP0067-AP0092) ("Appointment Order"). On February 18, 2022, the Bermuda Court issued an order providing for the Debtor to "be wound up under the provisions of the Companies Act 1981 (Act)" ("Bermuda Companies Act") and granted related relief

2

(AP0004-AP0009) ("Winding Up Order").

On March 29, 2022, the Foreign Representatives filed a voluntary petition for relief under Chapter 15 of the Bankruptcy Code (AP0001-AP0017) and a verified petition seeking recognition of the Bermuda Proceeding (AP0018-AP0054).  On April 22, 2022, the Bankruptcy Court entered an order (AP0379-AP0384) ("Recognition Order") that, among other things, recognized the Bermuda Proceeding as a foreign main proceeding and recognized the Foreign Representatives as authorized to act on behalf of the Debtor in the United States and in the Chapter 15 Case.  AP0380-AP0381 ¶¶ C, G.  The Recognition Order also provides: "All relief and protection afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Bermuda Proceeding, the Debtor, the Debtor's property located within the United States, and the foreign representatives, as applicable."  AP0382 ¶ 5.  Section 1520(a)(1) of the Bankruptcy Code makes the "automatic stay" provided by Section 362 of the Bankruptcy Code applicable to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States.  11 U.S.C. § 1520(a)(1).

On August 15, 2022, the Bermuda Court appointed the Foreign Representatives as joint permanent liquidators of the Debtor.  AP0399-AP0405.  Pursuant to the terms of the Appointment Order and Winding Up Order, on May 19, 2023, the Foreign Representatives issued a Notice to Creditors of Intention to Declare a Dividend that requested that all creditors of the Debtor submit proofs of

3

debt in the Bermuda Proceeding. AP1940. The deadline for parties to submit such proofs of debt was June 9, 2023. *Id.*

### B.     The Falcata Parties

The Debtor is the sole limited partner in Falcata Tech Investment Fund I, L.P. ("Falcata Fund"). AP1159. The Falcata Fund is an exempted limited partnership organized under the laws of the Cayman Islands. *Id.* It was created to acquire, hold, and dispose of securities in the emerging technologies industry and is governed, in part, by the Amended and Restated Exempted Limited Partnership Agreement dated April 20, 2018 ("LPA"). AP0430-AP0511.

Under the LPA, the operations of the Falcata Fund are managed by FTI GP I, LLC ("General Partner" and together with the Falcata Fund, "Falcata"). Falcata Capital LLC (the "Manager") provides portfolio management and administrative services to the Falcata Fund. *Id.* § 7.1 (AP0486). The LPA is governed by the law of the Cayman Islands, and disputes arising under the LPA may be brought in the nonexclusive jurisdiction of the Cayman Islands or the jurisdiction where the General Partner's principal office is located. AP050 § 13.9. The terms of the partnership were amended pursuant to a Master Transaction Agreement dated July 1, 2019 ("MTA"). AP0512-AP020. The MTA was executed for the express purpose of liquidating the Falcata Fund. AP0513 ¶ G. The MTA is governed by Delaware law but contains no jurisdictional provision. AP0520 ¶ 6.

On August 4, 2020, Robert Burnett, managing member of the Manager at the

4

time, sent a letter purporting to give notice under the LPA that the Debtor failed to make a capital contribution of $625,000 on July 1, 2020 (AP0523-AP0525) ("Burnett Letter"). The Burnett Letter claimed that because the Debtor failed to make this payment, it would be deemed to be a "defaulting partner" under the LPA. AP0525.

### C.    The Adversary Proceeding

Following their appointment by the Bermuda Court, the Foreign Representatives began to reach out to parties-in-interest, including Falcata. AP0600. Less than five days after the Appointment Order was entered, the Foreign Representatives requested from Falcata information regarding the Debtor's limited partnership interest in the Falcata Fund. AP1837-AP1844. During the next year, counsel to the Foreign Representatives and counsel to the Falcata exchanged correspondence regarding the purported default, information requests, and other issues. *Id.*

After reaching an impasse, on December 9, 2022, counsel to the Foreign Representatives sent a letter to counsel to Falcata enclosing document requests and interrogatories ("Discovery Requests"). FR0001-FR0018. The Foreign Representatives and Falcata spent the next three months in a discovery dispute. AP0577- AP0580. Falcata indicated it would be producing certain information and documents by March 3, 2023. AP0579 ¶ 27.

Instead, on the same date their production was due, Falcata filed the

Complaint initiating the adversary proceeding against the Debtor.  The Complaint alleged two causes of action for damages: (i) breach of contract under the LPA, and (ii) breach of contract under the MTA.  AP0425 ¶¶ 52-53; AP0426 ¶¶ 60-61.  It also alleged sought a declaratory judgment that the Debtor was a "defaulting partner" under the LPA and that the General Partner be permitted to exercise all available remedies under the LPA.  *Id.*

On March 21, 2023, counsel to the Foreign Representatives sent a letter to counsel to Falcata asserting that the adversary proceeding violated the automatic stay set forth in Sections 362 and 1520 of the Bankruptcy Code.  AP0559-AP0563.  On March 23, 2023, Falcata filed its Motion for Determination That There is No Automatic Stay, or in the Alternative Seeking Relief from the Automatic Stay (AP0527-AP0538) ("Stay Relief Motion").  The Stay Relief Motion sought the Bankruptcy Court's determination that the adversary proceeding did not violate the automatic stay and, alternatively, that Falcata should be afforded relief from the automatic stay to pursue the adversary proceeding.  On March 27, 2023, the Foreign Representatives filed the Motion of the Foreign Representatives for Entry of an Order Enforcing the Automatic Stay (AP0540-AP0558) ("Stay Enforcement Motion," and together with the Stay Relief Motion, the "Motions").

The Bankruptcy Court held a hearing on the Motions on May 25, 2023 and issued a bench ruling that: (i) the automatic stay applied and, therefore, the filing of the Complaint was void; (ii) the "home court" rule does not apply in Chapter 15

cases "because the foreign main proceeding provides the home court;" (iii) the automatic stay should not be modified to permit the adversary proceeding; and (iv) the Debtor's foreign main proceeding in Bermuda (*i.e.*, the Bermuda Proceeding) was the proper forum for the dispute. 5/25/23 Tr. at 82-88. In support of these rulings, the Bankruptcy Court found that it was not prejudicial for Falcata to pursue its claims against the Debtor in the Bermuda Court and that, in contrast, the Debtor would be prejudiced "if it were required to address claims issues in two different countries, particularly when this proceeding here is under Chapter 15, and claims matters are not resolved here." *Id.* at 87.

### D.    The Appeal

On June 8, 2023, Appellant filed a timely notice of appeal. D.I. 1. The appeal is fully briefed. D.I. 13, 18, 20. The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the Court's decisional process would not be aided by oral argument.

## II.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear these appeals, which seek review of the Bankruptcy Court's "final judgments, orders, and decrees," pursuant to 28 U.S.C. § 158(a)(1). *See, e.g., Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 592 (2020) (order denying relief from automatic stay is final and immediately appealable); *In re Target Indus., Inc.*, 386 Fed. App'x 233, 235 n.1 (3d Cir. 2010) (order dismissing adversary proceeding claims constituted final order).

7

Whether Section 362(a)(1) automatic stay applies to the adversary proceeding is a question of law this Court reviews *de novo*. A decision to modify, condition, or annul the bankruptcy stay under § 362(d) is committed to bankruptcy court discretion and is to be determined by examining the totality of the circumstances. *In re Brown*, 311 B.R. 409, 412 (E.D. Pa. 2004). The Court reviews a bankruptcy court order modifying an automatic stay for abuse of discretion. *In re Myers*, 491 F.3d 120, 128 (3d Cir.2007) (citations omitted). An abuse of discretion occurs where the court fails to apply the proper legal standard, fails to follow proper procedures in making a decision, or bases a decision upon findings of fact that are clearly erroneous. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 257 (3d Cir. 1995) (internal quotations omitted). "Clear error exists only if a finding is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 254 (3d Cir. 2005) (internal quotations omitted).

## III.   DISCUSSION

With respect to the Bankruptcy Court's determination that the adversary proceeding was void *ab initio*, Falcata asserts that that the Bankruptcy Court erred in concluding that (1) the adversary proceeding violated § 1520(a)(1) of the Bankruptcy Code, (2) the adversary proceeding violated § 362(a)(1) of the Bankruptcy Code, and (3) the "home court" rule did not otherwise permit the adversary proceeding. *See* D.I. 13 at 10-25. With respect to the Bankruptcy Court's

exercise of its discretion in determining not to modify the automatic stay to permit the adversary proceeding, Falcata asserts that the Bankruptcy Court erred in concluding that (1) the declaratory relief claim can be adjudicated in the Bermuda Proceeding; (2) it is not prejudicial or violative of United States public policy to force Falcata to pursue its claims against the Debtor in the Bermuda Proceeding; and (3) that the Debtor would be prejudiced if it were required to defend the adversary proceeding in two different courts. *Id.* at 25-30.   I address these arguments in turn.

### A.     The Automatic Stay Applies Under the Plain Text of the Bankruptcy Code

Section 1520(a)(1) of the Bankruptcy Code provides that, upon recognition of a proceeding as a foreign main proceeding, the automatic stay of section 362 of the Bankruptcy Code applies "with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." 11 U.S.C. § 1520(a)(1); *see also In re Irish Bank Resol. Corp. Ltd.*, 2014 WL 9953792, at *18 n.151 (Bankr. D. Del. Apr. 30, 2014), *aff'd*, 538 B.R. 692 (D. Del. 2015) ("[T]riggering the automatic stay upon filing of recognition is one of the fundamental purposes of recognition."). Section 362(a)(1) of the Bankruptcy Code, in turn, operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case

under this title." 11 U.S.C. § 362(a)(1). The adversary proceeding sought monetary damages and declaratory relief against the Debtor based on the Debtor's pre-bankruptcy conduct. The adversary proceeding therefore fit within the prohibitions set forth in § 362(a)(1). *In re Nortel Networks UK Ltd.*, 538 B.R. 699, 704 (Bankr. D. Del. 2015) (automatic stay prevented adversary proceeding asserting prepetition claims against chapter 15 debtors).

## B.    Falcata's Arguments Require No Different Outcome

Falcata does not dispute that the adversary proceeding fell within the plain terms of §§ 1520(a)(1) and 362(a)(1). Rather, Falcata contends that this Court should ignore the Bankruptcy Code's plain text and should invent an exception to the automatic stay's application in Chapter 15 cases.

### 1.    The Orders Comport With Chapter 15

Falcata argues that the Bankruptcy Court's Orders "effectively deprive Appellant of a full and fair opportunity to litigate its rights against Debtor under the Agreements caused by the Default." D.I. 13 at 10-11. In Falcata's words: "[T]he Bankruptcy Court created a situation whereby Appellant is stayed from litigating its rights against Debtor in the United States (and the jurisdictions to which the parties submitted under the LPA) while holding that the Bermuda Proceeding is the exclusive domain for determining General Partner's claims and rights." *Id.* at 10. In effect, Falcata argues that because the Bankruptcy Court arguably has "related to" subject matter jurisdiction over Falcata's claims and has jurisdiction over both

10

Falcata and the Debtor's assets in the United States, the Bankruptcy Court should hear the adversary proceeding, *id.* at 11, and "given the absence of personal jurisdiction over [Falcata] in Bermuda, the claims underlying the Adversary Proceeding cannot be brought in the Bermuda Proceeding." *Id.*

Notwithstanding Falcata's entreaty, the purview of the Bankruptcy Court in a Chapter 15 case is limited. As stated by the Third Circuit, "a Chapter 15 court in the United States acts as an adjunct or arm of a foreign bankruptcy court where the main proceedings are conducted.*"* *In re ABC Learning Centres Ltd.*, 728 F.3d 301, 306 (3d Cir. 2013) (quoting *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 678–79 (S.D.N.Y. 2011)). For this reason, a Chapter 15 case is considered to be "ancillary" to a foreign debtor's main insolvency proceeding pending before a foreign court. *See* 11 U.S.C. § 1504 (titled "Commencement of ancillary case").

As the Foreign Representatives correctly explain, when overseeing a Chapter 15 case, the bankruptcy court's more limited role is consistent with the underlying purpose of Chapter 15, which is to "provide effective mechanisms for dealing with cases of cross-border insolvency in order to promote the fair and efficient administration ***of foreign bankruptcy proceedings*** and protect the interests of creditors, debtors, and other interested entities ***in those proceedings***." *Principal Growth Strategies, LLC v. AGH Parent LLC*, 615 B.R. 529, 533 (D. Del. Apr. 6, 2020) (emphasis added).

One way in which the Bankruptcy Code effectuates this purpose is by

11

incorporating § 362 of the Bankruptcy Code (*i.e.*, the automatic stay provisions) into

Chapter 15 cases, while expressly excluding § 501 of the Bankruptcy Code (*i.e.*, the

claims adjudication provision).  Through this statutory structure, claims against a

foreign debtor in a Chapter 15 case are channeled to the debtor's foreign main

proceeding.  *See, e.g., In re Energy Coal S.P.A.*, 582 B.R. 619, 627 (Bankr. D. Del.

2018) (the "orderly distribution of a debtor's property requires assembling all claims

against the limited asset in a single proceeding....."); *In re Marconi PLC,* 363 B.R.

361, 365 (S.D.N.Y. 2007) (holding that the predecessor to Chapter 15 "does not

permit the filing by domestic creditors of adversary proceedings to establish claims

against a foreign bankrupt" and "its very purpose is to centralize such proceedings

(where the bankruptcy court determines that such centralization is appropriate) in

the foreign court administering the bankruptcy.")  It is in the foreign main

proceeding where claims against a debtor are adjudicated, and where distributions to

creditors based on those adjudications are made.

Given that the purpose of the adversary proceeding was the adjudication of

Falcata's claims, the Bankruptcy Court found Chapter 15's structure significant.

Specifically, the Bankruptcy Court stated:

> In getting to this determination, it is significant to me that
> Section 501 does not apply in Chapter 15. There is no
> process for this Court to determine claims. That is the
> exclusive domain of the Bermudian court.

5/25/23 Tr. at 85:25-86:3.  The Bankruptcy Court's decision is consistent with the

rulings of many courts who have refused to adjudicate creditor claims in the United States against a foreign debtor that is the subject of a foreign bankruptcy proceeding. *See In re Energy Coal S.P.A.*, 582 B.R. at 629; *see also JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005) ("We have repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding.").

The Bankruptcy Court's ruling is further supported by other fundamental aspects of Chapter 15, including a respect for international comity that underlies the purposes of Chapter 15. *See* 11 U.S.C. § 1501(a)(1) (listing as an objective of Chapter 15, "cooperation between courts of the United States . . . and the courts and the courts of other competent authorities of foreign countries involved in cross-border insolvency cases"); *see also In re Energy Coal S.P.A.*, 582 B.R. at 627 ("Particularly in the bankruptcy context, American courts have long recognized the need to extend comity to foreign bankruptcy proceedings, because the equitable and orderly distribution of a debtor's property requires assembling all claims against the limited asset in a single proceeding...."). The Debtor's main insolvency proceeding is pending in Bermuda, and pursuant to Section 167(4) of the Bermuda Companies Act, a statutory stay of actions and proceedings against the Debtor is currently in effect. AP0890. Under these circumstances, principles of international comity weigh strongly against permitting Falcata's adversary proceeding to continue within the United States.

13

The Bankruptcy Court correctly determined that the automatic stay applied to the adversary proceeding which was therefore void. *See Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1206 (3d Cir. 1991) ("Absent relief from the stay, judicial actions and proceedings against the debtor are void *ab initio*.").

## 2. The "Home Court" Rule Does Not Apply to These Facts

Falcata contends that the Bankruptcy Court erred when it failed to apply the "home court" rule—a judicially-created exception to the automatic stay which permits the filing of an adversary proceeding against a debtor in a case under Chapter 7 or Chapter 11.[3] The rationale underlying the home court rule is that the "filing of an adversary proceeding against a debtor in the home bankruptcy court is equivalent to the filing of a proof of claim in the Debtor's bankruptcy case and, therefore, does not violate the automatic stay." *In re Uni Marts, LLC*, 405 B.R. 113, 129 (Bankr. D. Del. 2009). *See also Armco Inc. et al. v. N. Atlantic Ins. Co. Ltd. (In re Bird)*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999).

But as the Foreign Representatives point out, and the Bankruptcy Court correctly recognized, the rationale underlying the home court rule does not apply to cases under Chapter 15. 5/25/23 Tr. at 85-86. In Chapter 15 cases, there is no claims adjudication process for the U.S. Bankruptcy Court to oversee; instead,

---

[3] The "home court" rule, while not "uniform precedent," as Falcata argues, is the majority view. D.I. 13 at 18. *See Matter of Corwin*, 864 F.3d 344, 353 n.5 (5th Cir. 2017) (noting the majority of courts follow this rule, but there is a minority view).

claims matters are centralized in the foreign main proceeding.  Put differently, in Chapter 15 cases, the "home court" of the foreign debtor is the foreign main proceeding—not the Chapter 15 case.  Thus, the automatic stay in a Chapter 15 case serves to channel claims against the debtor to the debtor's foreign main proceeding—just as the automatic stay in a Chapter 11 case serves to channel claims against the debtor to the Chapter 11 case.  *See Prewitt v. North Coast Vill., Ltd. (In re North Coast Vill, Ltd.)*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992) (describing the purpose of the automatic stay, including "protect[ing] creditors from each other by stopping the race for the debtor's assets and … provid[ing] for an orderly liquidation or administration of the estate.").

In *In re Bird,* the Southern District of New York explicitly considered and rejected application of the home court rule in an ancillary proceeding.  229 B.R. at 95.  The *Bird* court held that counterclaims and an adversary proceeding brought against a foreign debtor in an ancillary bankruptcy case violated the injunction arising under Section 304, the predecessor to Chapter 15,[4] stating:

> [The Bankruptcy Court's] function in a domestic bankruptcy case is quite different from [that] function in an ancillary one. Were this a traditional chapter 7 or 11 proceeding, I would be empowered to administer [the debtor's] estate …. However, *in the context of an ancillary proceeding, I do not determine the extent or validity of claims against the estate*; proofs of claim are not even filed in this court. The administration of the

---

[4] "Congress intended that case law under section 304 apply unless contradicted by Chapter 15." *In re Condor Ins. Ltd.*, 601 F.3d 319, 328 (5th Cir. 2010).

> debtor's estate, as a whole, is not within my province, for I
> am not the home court; the main proceeding is in the
> United Kingdom. It would offend principles of comity for
> me to decide, in lieu of the English court, whether the
> claims …would unduly interfere with the provisional
> liquidation and the court proceedings which likely would
> follow it.

*Id.* at 95-96 (emphasis added).  Falcata's arguments to the contrary are unavailing.

Falcata argues repeatedly that Section 362 must apply in its entirety but it does not

point to any provision of Section 362 which the Bankruptcy Court found did not

apply.  Falcata is really arguing that all of the common law associated with Section

362 should apply with equal force in Chapter 15, irrespective of whether that

common law would undermine Congressional intent as evidenced by the policy and

structure of Chapter 15.  I disagree.

Falcata also cites three Chapter 15 cases where a foreign debtor was the

defendant in an adversary proceeding.  Each case is distinguishable from the present

circumstances as these were cases brought by foreign representatives against

individual foreign debtors seeking the recovery of assets; thus, the automatic stay

was not relevant.[5]  Rather, each of these cases involved foreign representatives

---

[5] *See Rozhkov v. LARMAR Found. (In re Markus)*, Adv. Pro. 19-01413-MG (Bankr.
S.D.N.Y) (two separately recognized Chapter 15 cases with two foreign
representatives jointly bringing claims against debtor and related entities for
fraudulent conveyance, turnover, and unjust enrichment) (FR0019-FR0056); *Diss v.
Talal Qais Abdulmunem Al Zawai (In re Talal Qais Abdulmunem Al Zawai)*, Adv.
Pro. 21-136-LVV (Bankr. M.D. Fla.) (foreign representative brought claims against
debtor for turnover of property located in the U.S.) (FR0057-FR0078*); O'Sullivan v.*

fulfilling their mandate under Chapter 15: recovering assets in the United States for distribution to the foreign main proceeding.  Falcata cites no case where an adversary complaint against a Chapter 15 debtor was permitted without being brought by a foreign representative or by obtaining relief from the automatic stay.[6]

The Bankruptcy Court correctly found that the "home court" rule does not apply here.

### 3.    The Orders Create No Statutory Conflict

Falcata further argues that the Bankruptcy Court's ruling "creates multiple statutory inconsistencies" and that its "statutory rationale for the automatic stay voiding the Adversary Proceeding is problematic, at best." *See* D.I. 13 at 22-23.  In its view, "[w]hile section 1520(a) provides that, upon recognition, section 362 applies to the debtor, such statutory language appears at first blush to contradict

_____

*Loy (In re Loy)*, Adv. Pro. 08-05011-FJS (Bankr. E.D. Va.) (foreign representative sought to avoid certain transactions made by debtor) (FR0079-FR0086).
[6] Falcata further argues that the Foreign Representatives' position that the U.S. Bankruptcy Court "does not oversee the debtor's ... claims process, which is under the supervision of the foreign court," and "claims matters are not resolved here" are undermined by the Foreign Representatives' subsequent motion seeking the Bankruptcy Court's approval of a settlement. *See* D.I. 13 at 24 (quoting the Foreign Representatives' statement in the motion that "[T]he parties [to the settlement proposal] ... have conditioned effectiveness of certain key portions of the Agreement on approval by [the Bankruptcy] Court.")  As the Foreign Representatives explain, however, that motion concerned a commercial agreement with a third-party regarding property arguably located in the U.S., making it appropriate to seek approval of certain portions of that agreement pursuant to Section 363 and Bankruptcy Rule 9019. *See In re Fairfield Sentry Ltd.*, 768 F.3d 239 (2d Cir. 2014) (requiring Section 363 approval in a Chapter 15).  Moreover, that counterparty has submitted a claim in the Bermuda Court.  AP2125-AP2126.

17

section 103(a), which explicitly provides that only 362(o) applies to a chapter 15 case." *Id.* at 23.  According to Falcata, "reading sections 1520(a)(1) and 103(a) together in a manner that interprets section 362(a) to provide an automatic stay in a chapter 15 case would render section 103 superfluous and insignificant." *Id.*

Section 362(o), however, neither provides for a stay, nor an exception to the stay.  Rather, Section 362(o) clarifies that certain creditor actions that are exempted from the automatic stay under the Bankruptcy Code's "safe harbor" provisions cannot be curtailed by a separate order of a court or administrative agency.  Section 103(a) appears to (i) import this clarification into Chapter 15 and (ii) make it immediately effective in a Chapter 15 case, including during the gap period between when a Chapter 15 case is commenced and when recognition is granted—at which point the entirety of Section 362 applies.  *See* 2 COLLIER ON BANKRUPTCY ¶ 103.02[2] & n. 5 (16th ed. 2024); 11 U.S.C. § 1520(a) (stating that the entirety of Section 362 applies "upon recognition").  In any event, Section 1520(a) is more specific, and thus its incorporation of Section 362 should control.  *Philadelphia Ent. & Dev. Partners LP v. Dep't of Revenue*, 860 F. App'x 25, 30 (3d Cir. 2021).  These sections are not in conflict.[7]

---

[7] Falcata further argues that because counterclaims and removal have been permitted in Chapter 15 cases, adversary proceedings against debtors in Chapter 15 should be permissible as well.  As this case does not involve a counterclaim or a removed claim, I need not address these arguments.

### 4. The Orders Do Not Deny Falcata an Opportunity to Adjudicate its Claims

Falcata further asserts that the Bankruptcy Court's decision leads to an "unworkable legal framework" which denies it an opportunity to have its claims adjudicated. D.I. 13 at 10-15. This argument, too, is unavailing. Nothing barred Falcata from bringing its claims against the Debtor in the United States any time prior to the filing of the Debtor's Chapter 15 case. Assuming the Debtor breached its obligations in August 2020, as Falcata asserts, it could have sued the Debtor in the United States any time between then and April 5, 2022 (i.e., the date on which the Bankruptcy Court entered an order extending the automatic stay to the Debtor in the United States). Even after the effective date of the automatic stay in the Chapter 15 case, Falcata could have sought leave of the Bermuda Court to commence an action against the Debtor in the Cayman Islands, which is both the jurisdiction of the Falcata Fund's registration and the non-exclusive forum for adjudication of disputes under the LPA. AP0508. Falcata also could have asserted a proof of debt against the Debtor in the Bermuda Proceeding, as have the Debtor's other creditors, including creditors located in the United States. AP1940. Notably, the Foreign Representatives expect admitted claims to receive payment in full. *Id.*

Falcata asserts without any evidentiary support that Bermuda is "an unfair 'foreign haven' that guards debtors from their foreign creditors," and is a jurisdiction that "may significantly impair [Falcata]'s rights." D.I. 13 at 12-14. The

record is devoid, however, of any support for Falcata's contention that it would "face[] severe difficulties in pursuing its claims and rights in Bermuda." *Id.* at 13. Indeed, this assertion is belied by the Bankruptcy Court's prior ruling that the Bermuda Proceeding was entitled to recognition pursuant to Sections 1515 and 1517 of the Bankruptcy Code.  As the Foreign Representatives point out, bankruptcy courts may deny recognition pursuant to Section 1506 where such proceedings are manifestly contrary to U.S. public policy. *E.g., In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333, 335-36 (S.D.N.Y. 2006); *In re Toft*, 453 B.R. 186, 193-96 (Bankr. S.D.N.Y. 2011).  Multiple courts have determined that foreign proceedings in Bermuda are entitled to chapter 15 recognition. *See, e.g., In re Millennium Global Emerging Cr. Master Fund Ltd.,* 458 B.R. 63, 83 (Bankr. S.D.N.Y. 2011), *aff'd*, 474 B.R. 88 (S.D.N.Y. 2012); *In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd.*, 275 B.R. 699, 708 (S.D.N.Y. 2002) (granting recognition under Section 304).

Notwithstanding that the Falcata Fund's sole limited partner and investor (i.e., the Debtor) is a Bermuda exempt limited company, Falcata contends that it would be unfair to require it to submit a claim in the Bermuda Proceeding because the Bermuda Court "does not have personal jurisdiction over Appellant" and Falcata has "not consented (and cannot be compelled to consent) to such jurisdiction." D.I.13 at 11.  By electing not to file a proof of debt, however, Falcata does so at its own peril, consistent with the risks that all foreign creditors face in cross-border insolvency proceedings.  Indeed, foreign creditors often face a similar predicament when

determining whether to file a claim against a U.S. debtor. When foreign creditors submit claims, they are subject to the jurisdiction of the bankruptcy court. *Langenkamp v. Kulp*, 498 U.S. 42, 44 (1990) (per curium). When they do not, they face the risk that they should have submitted a claim to participate in the claims allowance process. *See In re Energy Coal S.P.A.*, 582 B.R. at 628-29.

Submitting its monetary damages claim through the proof of debt process in Bermuda could also answer whether the Debtor defaulted under the LPA, which is the central question of Falcata's declaratory judgment claim. For instance, in considering the General Partner's damages claim, the Bermuda Court will need to determine if the capital call was validly served. In addition, the Bermuda Court would consider whether the General Partner is entitled to collect any claimed default interest and fees under the LPA, which necessarily raises the question of whether there was a default. Thus, Falcata's contention that its declaratory relief will not be adjudicated in Bermuda is speculative at best. Nothing prevents Falcata from seeking leave of the Bermuda Court to pursue declaratory relief in either Bermuda or the Cayman Islands. *See generally Wyley v Exhall Gold Mining Co* (1864) 33 Beav. 538 (Eng. Ch.) (FR0087-FR0088). The Bermuda Court has broad discretion to consider whether to grant leave and considers a number of factors in this analysis. *See Re Kingate Management Ltd BM* 2012 SC 56 (Berm.) (FR0089-FR0109). In sum, Falcata's assertion that the Bankruptcy Court's ruling "created an unworkable framework" does not withstand scrutiny.

21

**C.    Denial of Relief From the Automatic Stay Was a Proper Exercise of Discretion**

To modify the stay, Falcata must demonstrate "cause" under section

362(d)(1). *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). The Third Circuit has held

that section 362(d)(1) does not define "cause," and therefore courts must consider

what constitutes "cause" based on the totality of the circumstances in each particular

case. *Id.*; *Matter of Rexene Prod. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992) (whether

there is cause to lift the automatic stay must be determined on a case-by-case basis).

The Bankruptcy Court "has developed a three-part balancing test to evaluate

whether cause exists in a specific case." *In re DBSI Inc.*, 407 B.R. 159, 166 (Bankr.

D. Del. 2009). The three factors are: whether any great prejudice to either the

bankrupt estate or the debtor will result from continuation of the civil suit,

(ii) whether the hardship to the non-bankrupt party by maintenance of the stay

considerably outweighs any hardship to the debtor, and (iii) whether the non-

bankrupt party has a probability of prevailing on the merits. *Id.* at 166 (citing

*Rexene*, 141 B.R. at 576.

Falcata argues that the balancing of these factors weighs in its favor and that

denial of stay modification was an abuse of discretion. Falcata contends that it

carried its burden with respect to a probability of prevailing on the merits: "Debtor

admitted its failure to make the July Capital Contribution," and therefore the default

"is not in dispute." D.I. 13 at 2 (citing AP0571, ¶ 2 ("[F]ormer management of the

22

Debtor elected not to make a capital contribution to Falcata")).  The Foreign Representatives disagree.  "As the Foreign Representative's pleadings make clear, the circumstances surrounding the purported default, including whether it was properly noticed, make Falcata's statements on this admission disingenuous at best." D.I. 18 at 30 n.13.

Assuming Falcata carried its burden of establishing a prima facie case, the Foreign Representatives carried their burden on rebuttal.  *See Rexene*, 141 B.R. at 577 (setting forth burdens of proof under § 362(g)).  Upon consideration of whether any great prejudice would result to the Debtor and its estate by continuation of the adversary proceeding, and whether any such prejudice is outweighed by the hardship to Falcata in maintaining the stay, the Foreign Representatives established that greater prejudice fell upon the Debtor.  As the Bankruptcy Court noted, "the Bermuda proceeding is the only venue for resolution of claim issues."  *Id.* at 86. "[T]his Court lacks authority to do so," as "Section 501 of the Bankruptcy Code does not apply in this Chapter 15 case."  *Id.*  The Bankruptcy Court further noted that the request for declaratory relief "can be addressed through the proof of debt process in the Bermuda Proceeding" which would not be prejudicial to Falcata.  *Id.* at 86-87.  "On the other hand," the Bankruptcy Court found, "the Debtor would be prejudiced if it were required to address claims in two different countries," particularly where, as here, claims matters cannot be resolved in the Chapter 15 case, which "is the exclusive domain of the foreign main proceeding in Bermuda."

*Id.* at 87.

Notably, Falcata does not argue that its monetary claims can be resolved by the Bankruptcy Court, only that its declaratory relief claim must be. *See* 5/25/23 Tr. at 36:12-37:2-9. Setting aside issues of comity, it is clear that modifying the automatic stay to let the adversary proceeding proceed solely as to the declaratory relief claim will require adjudicating this breach of contract claim in two separate proceedings, in separate jurisdictions, increasing the Debtor's expenses to the detriment of its creditors, and presenting the obvious risk of inconsistent decisions. I see no abuse of discretion in the Bankruptcy Court's determination that modification of the automatic stay will prejudice the Debtors.

As to any hardship to Falcata in maintaining the stay, Falcata's arguments mirror those I have already rejected: that denial of Falcata's motion to modify the automatic stay, (1) at worst, deprived Falcata of *any* forum to adjudicate its claims, and (2) at best, prejudiced Falcata by relegating it to an ***unfair*** forum. *See* D.I. 13 at 28-29. As to the first contention, the foreign main proceeding provides a forum, and I am unpersuaded by Falcata's argument that, because it has asserted a request for declaratory relief amongst its monetary claims, the adversary proceeding must either proceed here entirely or in two separate proceedings. As to Falcata's second contention, the Bankruptcy Court observed that "neither party contends that the Bermuda proceeding is unfair, and I assume, therefore, that the Bermuda proceeding is fair as to foreign parties, including United States parties." 5/25/23 Tr. at 85.

24

unfair—only that Falcata does not wish to participate in that process.

Based on a totality of the circumstances, including the limitations of Chapter 15 and prejudice to the Debtor, the Bankruptcy Court did not abuse its discretion in determining that the automatic stay should not be modified.

## IV.   CONCLUSION

Regarding its contention that the adversary proceeding violates the automatic stay, Falcata fails to show how the Bankruptcy Court erred as a matter of law. Regarding the Bankruptcy Court's exercise of discretion not to modify the automatic stay to let the adversary proceeding go forward, Falcata offered no evidence that Bermuda proceeding is unfair or that it otherwise suffers prejudice based on an absence of forum.  On the other hand, the Bankruptcy Court's determination that the Debtor would be prejudiced by stay modification finds clear support in the record.  Accordingly, the Bankruptcy Court did not abuse its discretion.

The Court will issue a separate Order consistent with this Opinion.